IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| LAKSHMI ARUNACHALAM,<br>*Plaintiff* | § § § § | |
| -vs- | § § § | W-19-CV-00349-ADA |
| BNSF RAILWAY COMPANY,<br>*Defendant* | § § § § | |

## ORDER DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS

Before the Court is Plaintiff's Motion to Proceed In Forma Pauperis. ECF No. 2. Dr. Lakshmi Arunachalam ("Plaintiff") brings the instant patent infringement case against BNSF Railway Company ("Defendant") and seeks leave to proceed in forma pauperis. A plaintiff may proceed in civil cases without the payment of fees or costs if the Court finds that such person is unable to pay such costs or give security therefor. 42 U.S.C. § 2000(e)-5(f)(1)(a). In determining whether to grant leave to proceed in forma pauperis, a court considers an applicant's economic status. *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976); *cf. Green v. City of Montezuma*, 650 F.2d 648, 650 (5th Cir. 1981).

An affidavit in support of a motion to proceed in forma pauperis is sufficient if it states that, due to poverty, one cannot afford to pay the costs of legal representation and still provide for himself and his dependents. *See Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). While one need not be absolutely destitute to qualify for in forma pauperis status, such benefit is allowed only when a movant cannot give such costs and remain able to provide for himself and his dependents. *Id.*

In her motion, Plaintiff states that her only income is from Social Security. ECF No. 2 at 1. Further, she only has $50.00 in cash or in a checking or savings account. *Id.* at 2. However, the

Court notes that it has already denied Plaintiff's Motions to Proceed In Forma Pauperis in two separate cases filed in this Court. *Arunachalam v. Exxon Mobile Corp.*, No. 6:19-CV-171, ECF No. 7; *Arunachalam v. Intuit, Inc.*, No. 6:19-CV-172, ECF No. 7. Further, despite having these Motions denied, Plaintiff still paid the $400 filing fee. *Exxon Mobile Corp.*, ECF Nos. 14–15; *Intuit, Inc.*, ECF Nos. 14–15. Additionally, Plaintiff has filed over 100 similar federal actions across the country. For example, earlier this month, Plaintiff filed two patent infringement actions in the Texarkana Division of the Eastern District of Texas. *See Arunachalam v. Lyft, Inc.*, 5:19-CV-19-RWS-CMC; *Arunachalam v. Uber Technologies, Inc.*, 5:19-CV-18-RWS-CMC. The district court denied her Motions to Proceed In Forma Pauperis in both cases for the same reasons the Court denies Plaintiff's Motion today.

Even though Plaintiff resides in Menlo Park, California, she elected to file this case in Waco, Texas, and has filed an enormous number of other cases across the country, which indicates that she has resources to travel. Further, the Court notes that Plaintiff's extensive litigation history indicates that she has recently been able to pay the full filing fee required by other courts. *See, e.g., Arunachalam v. Stanford Health Care, et al.*, Cause No. 5:18-cv-03995-EJD; *see also Arunachalam v. Apple, Inc., et al.*, Cause No. 5:18-cv-01250-EJD. Additionally, Plaintiff recently informed the Court in a prior case that she has a job walking dogs. *Exxon Mobile Corp.*, ECF No. 12 at 1. Considering Plaintiff's extraordinary litigation history and the information supplied in the instant Motion, the Court finds that Plaintiff is obligated to pay the filing fee for this action.

Accordingly, it is **ORDERED** that Plaintiff's Motion to Proceed In Forma Pauperis is **DENIED**. ECF No. 2. It is further **ORDERED** that by June 27, 2019, Plaintiff shall pay a filing

fee of $400.00. Plaintiff is admonished that failure to pay the filing fee as ordered herein may lead to dismissal of this action.

**SIGNED** this 13th day of June 2019.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE